

AUNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a Public Limited Company, Plaintiff-Appellant, v. MEENAKSHI OVERSEAS, LLC, a New Jersey Limited Liability Company, Defendant-Appellee. | No. 23-15532 D.C. No. 2:14-cv-02961-DJC-CKD Eastern District of California, Sacramento ORDER |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

# I. Introduction

The court granted appellee Meenakshi Overseas, LLC's motion for attorneys' fees, and referred to the appellate commissioner the determination of an appropriate amount. *See* 9th Cir. R. 39-1.9.

Meenakshi requests $20,718.00 in fees for 30.1 hours of work by Cowan, Liebowitz & Latman, P.C., of New York, New York.

| *Timekeeper* | *Position* | *Admitted* | *Year* | *Rate* | *Hours* | *Total* |
|---|---|---|---|---|---|---|
| Richard Mandel | Shareholder | 1986 | 2024 | $760 | 10.0 | $ 7,600.00[1] |
| Richard Mandel | Shareholder | 1986 | 2023 | $740 | 14.1 | $10,434.00 |
| Raphael Nemes | Sr. Assoc. | 2011 | 2023 | $460 | 5.2 | $ 2,392.00 |
| Richard Claverie | Sr. Paralegal | N/A | 2023 | $365 | 0.8 | $    292.00 |

---

[1] Meenakshi deducted from the invoices 6.3 hours of travel time that was not devoted to oral argument preparation. *See* Mandel Decl. ¶ 5, Docket Entry No. 40-2, at 2; Mandel Decl. Ex. A, Docket Entry No. 40-2, at 15.

OSA140

| *Total* | | | | | 30.1 | $20,718.00 |
|---|---|---|---|---|---|---|

Appellant V.V.V. & Sons Edible Oils Limited objects to the requested rates, but not to the requested hours.

Meenakshi is awarded 29.1 hours and $19,926.00 in fees.

## II. Discussion

**A. Hourly Rates**

V.V.V. argues that Meenakshi's New York law firm's billing rates are not in line with prevailing rates in the Eastern District of California, and that Meenakshi provides no evidence of prevailing Eastern District rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (stating that rate is reasonable if in line with prevailing market rates); *Nat'l Fam. Farm Coal. v. EPA*, 29 F.4th 509, 512 (9th Cir. 2022) (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) for general rule that in appeals from district court decisions "the relevant community [for calculating market rates] is the forum in which the district court sits").

V.V.V. does not propose alternate rates to be awarded or offer rebuttal evidence as to prevailing market rates. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of . . . the facts asserted by the prevailing party.").

1. Attorneys

Contrary to V.V.V's contention, Meenakshi cites several Eastern District rate determinations that support the requested rates for attorneys Mandel and Nemes, and the requested rates for the attorneys are awarded. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.").

a. Mandel

Meenakshi cites $720 and $750 rate determinations for pre-2023 work by partners with less experience than 1986-admittee Mandel. *See Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, No. 1:18-cv-01737-DAD-SLO, 2022 WL 2052681, at *14 (E.D. Cal. June 7, 2022) (approving $720 for Joseph Sutton, admitted in 2010, and $750 for Marco Palau, admitted in 2006); *Singh v. Roadrunner Intermodal Servs., LLC*, No. 1:15-cv-01497-DAD-BAM, 2019 WL 316814, at *10 (E.D. Cal. Jan. 24, 2019) (approving $720 for partners admitted in 1991, 1997, and 2006). The requested $740 and $760 rates for Mandel's 2023 and 2024 work here reflect reasonable increases over those rates. *See Bell v. Clackamas Cty.*, 341 F.3d 858, 869 (9th Cir. 2003) (holding that it was an abuse of discretion to apply market rates in effect more than two years before the work was performed).

### b. Nemes

Meenakshi cites rate determinations of at least $550 for pre-2022 work by associates with experience comparable to 2011-admittee Nemes. *See Cooks v. TNG GP*, No. 2:16-cv-01160-KJM-AC, 2021 WL 5139613, at *6 (E.D. Cal. Nov. 4, 2021) ("Associates with ten to twenty years of experience have been awarded rates between $550 and $575."). The $720 rate for 2010-admittee Sutton in *Arredondo*, 2022 WL 2052681, at *14, also supports Nemes's $460 rate for 2023 work here.

### 2. Paralegal

Meenakshi cites a Central District rather than an Eastern District rate determination to support the requested $365 rate for the paralegal. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV-11-07098-AB (SHx), 2015 WL 1746484, at *21, *29 (C.D. Cal. Mar. 24, 2015) (awarding rates of $285 and $345 for paralegals with 16 and 23 years of experience, respectively, for pre-2016 work in intellectual property case), *aff'd*, 847 F.3d 657 (9th Cir. 2017). The paralegal here has more than 20 years of experience. *See* Mandel Decl. ¶ 7, Docket Entry No. 40-2, at 2-3.

In two Eastern District cases Meenakshi cites regarding attorney rates, $120 and $260 rates were approved for pre-2023 work by paralegals of unstated experience levels. *See Arredondo*, 2022 WL 2052681, at *14 n.9; *Cooks*, 2021 WL 5139613, at *7 n.3. The paralegal rate for the 2023 work here should reflect a reasonable increase since those rates were in effect. *See Bell*, 341 F.3d at 869. A

$300 paralegal rate is in line with prevailing Eastern District rates, and is awarded. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (court may also rely on its own knowledge of customary rates).

**B. Number of Hours**

Mandel's 4.4 hours on August 9-14, 2023, include block-billed time for printing, filing, and submitting paper copies of the brief. *See* Mandel Decl. Ex. A, Docket Entry No. 40-2, at 10-11. An estimated 1 hour of this time is disallowed for clerical work. *See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (stating that clerical tasks should not be billed at attorney rate, regardless of who performs them).

Meenakshi's remaining 29.1 hours for defending against the appeal are awarded. The attorneys and paralegal prepared an answering brief, and Mandel presented oral argument in Pasadena. Meenakshi does not request fees for the fee litigation.

**C. Summary**

After the adjustments in bold below, Meenakshi is awarded $19,926.00 in fees:

| *Timekeeper* | *Position* | *Admitted* | *Year* | *Rate* | *Hours* | *Total* |
|---|---|---|---|---|---|---|
| Richard Mandel | Shareholder | 1986 | 2024 | $760 | 10.0 | $ 7,600.00 |
| Richard Mandel | Shareholder | 1986 | 2023 | $740 | **13.1** | **$ 9,694.00** |
| Raphael Nemes | Sr. Assoc. | 2011 | 2023 | $460 | 5.2 | $ 2,392.00 |
| Richard Claverie | Sr. Paralegal | N/A | 2023 | **$300** | 0.8 | $ 240.00 |
| Total | | | | | 29.1 | $19,926.00 |

**D. Joint and Several Liability**

V.V.V. objects that Meenakshi fails to identify the party against whom fees are sought. The court has the inherent power to award fees against appellant and counsel jointly and severally. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985) (stating that attorney and client are in the best position between them to determine who caused the frivolous appeal to be taken).

### III. Conclusion

Attorneys' fees in the amount of $19,926.00 are awarded in favor of appellee Meenakshi Overseas, LLC, and against appellant V.V.V. & Sons Edible Oils Limited and appellant's counsel, Kenneth C. Brooks, jointly and severally. *See* 9th Cir. R. 39-1.9. This order amends the court's mandate.